**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| CORNELIUS B. FAISON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:11-cv-10 (WLS) |
| | : | |
| DONALSONVILLE HOSPITAL, INC., | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Presently pending before the Court are Defendant's Motion for Relief from Judgment and Motion for Disbursement of Attorney's Fees. (Docs. 60, 79.) For reasons fully explained below, the Court **DENIES** Defendant's Motions.

## PROCEDURAL BACKGROUND

This is an ERISA case based on denial of employee benefit claims. Defendant, an ERISA plan administrator, denied Plaintiff coverage solely on the basis of the Plan's "Illegal Acts" Exclusion. (Doc. 48 at 1.) This Court found, and the Eleventh Circuit affirmed, that Defendant unreasonably denied Plaintiff's request for coverage. (Doc. 48, aff'd *Faison v. Donalsonville Hospital, Inc.*, 534 Fed. Appx. 924 (11th Cir. 2013)).

On September 16, 2013, Defendant filed a Motion for Relief from Judgment. (Doc. 60.) Plaintiff responded to this Motion, Defendant replied, and Plaintiff filed a surreply. (Docs. 65, 73, 78.) This Court conducted a hearing on the Motion on December 30, 2013. On March 25, 2014, Defendant filed "Defendant's Consent to Disburse Attorney Fees"

1

(hereinafter "Motion for Disbursement of Attorney's Fees"). Plaintiff responded to this Motion, and Defendant filed a reply. (Docs. 82, 84.) Briefing is therefore complete on the Defendants' Motions, and said Motions are now ripe for the Court's review.

## CONCLUSIONS OF LAW

I.    **Defendant's Motion for Relief from Judgment**

Defendant's Motion for Relief from Judgment seeks a modification of the judgment "to reflect the amount of damages that Plaintiff's creditors wrote off to charity or otherwise discharged" and a reduction in the corresponding amount of attorney's fees. (Doc. 60-1 at 8.) Defendant asks that, in the alternative, the Court "reopen discovery for the limited purpose of seeking third-party discovery from Plaintiff's creditors –primarily Tallahassee Memorial Hospital . . . ." (*Id.*) Defendant does not seek any reconsideration of the Court's finding that its decision to deny coverage to Plaintiff was unreasonable.

Within a reasonable time, a litigant may move for relief from a judgment or order pursuant to Rule 60 for grounds including: (1) mistake, (2) newly discovered evidence, (3) fraud or misrepresentation, (4) void judgment, (5) satisfaction or discharge of the judgment or prospective application that would no longer be equitable, and (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Relief pursuant to Rule 60 is an extraordinary remedy. *See Montero v. Potter*, 174 F. App'x 489, 490 (11th Cir. 2006). Defendant's Motion is based on three of the grounds provided in Rule 60: (1) newly discovered evidence, (2) fraud or misrepresentation, and (3) satisfaction or discharge of the judgment or prospective application that would no longer be equitable. (Doc. 60.)

### A.  Defendant's Newly Discovered Evidence

Rule 60(b)(2) provides that a party may seek relief from judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." The Eleventh Circuit employs a five-part test to determine whether to grant relief under Rule 60(b)(2): (1) the evidence must be newly discovered; (2) the movant must have exercised due diligence to discover the new evidence; (3) evidence must not be merely cumulative or impeaching; (4) the evidence must be material, and (5) the evidence must be such that reconsideration of the final judgment would probably produce a new result. *In re Consorcio Ecutoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 685 F.3d 987, 1001 (11th Cir. 2012).

Defendant relies on "newly discovered evidence" that in June 2010 Tallahassee Memorial Hospital "wrote off" Plaintiff's entire medical bill of $420,631.55 as a charitable credit. (Doc. 60-1 at 2.) Defendant alleges that it discovered this evidence in January 2013. Final judgment in this case was entered on September 17, 2012, and the deadline for moving for new trial under Rule 59(b) was October 15, 2012. Defendant did not discover this evidence in time to move for a new trial under rule 59(b). Discovery in this case was limited to the conflict of interest issue, thus the evidence now proffered by Defendant would not have been discoverable. (Doc. 16 at 1 n. 1.) Further, this evidence is not duplicative of any that was in the record at the time of judgment nor does Defendant proffer it solely for impeachment purposes. Thus, the Court finds that the Defendant's Rule 60(b)(2) motion is timely, the Defendant exercised due diligence, and the evidence is not cumulative or impeaching.

However, the Court finds that the "newly discovered evidence" does not relieve Defendant from the originally entered final judgment because it is immaterial and would not have produced a different result. Defendant asserts that the judgment amount should be reduced because Plaintiff is only entitled to payments for charges for which he is liable. (Doc. 73 at 6.) ERISA provides a cause of action for a beneficiary "to recover benefits due to him under the terms of his plan . . . ." 29 U.S.C. § 1132(a)(1)(B). Thus, the terms of the Plan determine the benefits Plaintiff is entitled to recover. Coverage under the Plan is triggered when charges are incurred, and charges are incurred "on the date that the service or supply is performed or furnished." (Doc. 32-2 at 21.) Under the terms of the Plan, coverage was therefore triggered when Tallahassee Memorial Hospital performed services and furnished supplies during the course of Plaintiff's treatment. After Defendant unreasonably denied coverage but before Plaintiff initiated the appeals process in August 2010, Tallahassee Memorial Hospital "wrote off" Plaintiff's charges through its financial assistance program for uninsured and underinsured patients. (Docs. 65 at 4; 31-6 at 2.)

Defendant points to the Plan's language stating that it "will reimburse the actual charge billed if it is less than the Usual and Reasonable charge." (Doc. 73 at 6 (quoting Doc. 32-3 at 35).) At the time the Defendant's third-party administrator Paragon unreasonably denied Plaintiff coverage, Tallahassee Memorial Hospital had not yet awarded the charitable credit to Plaintiff, thus the "actual charge billed" by Tallahassee Memorial Hospital would have been for $420,631.55.

The Court notes that the Plan itself does not provide instruction as to whether the Plan may pay benefits paid by the financial assistance program as it does with benefits paid

by other benefit plans, and the Plan does not otherwise expressly preclude payment where a claimant's expenses are paid by another source. (See Doc. 32-2.) The Plan's "Coordination of Benefits" terms are inapplicable here since Tallahassee Memorial Hospital's financial assistance program does not fall within the definition of "Benefit Plan" provided in the Plan. (Doc. 32-2 at 42.) *But cf. LaRocca v. Borden, Inc.*, 276 F.3d 22, 30 (1st Cir. 2002) (denying benefits where a plan expressly "precluded reimbursement under its coordination of benefits provisions when a claimant's bills are paid by a collateral source").

Defendant no longer contests that it unreasonably denied Plaintiff coverage. Under the terms of the plan, Defendant is liable for the expenses incurred by Plaintiff while coverage was in force. (Doc. 32-2 at 3.) Plaintiff incurred expenses of $481,783.48 while he was covered by the Plan. Further, both parties have pointed to Tallahassee Memorial Hospital's "Application for Assistance with Hospital Expenses," which indicates that Plaintiff may be liable to Tallahassee Memorial Hospital for his expenses initially covered by a charitable credit should they be paid by an insurance provider. (Docs. 65 at 4; 65-1 at 2,3; 73-1 at 2.)

Defendant is liable for the expenses incurred by Plaintiff while coverage was in force. Reducing the judgment by the amount written off by Tallahassee Memorial Hospital would violate the terms of the Plan, effectively rewarding Defendant for unreasonably denying coverage and allowing the burden of making Plaintiff whole to rest on a third-party's financial assistance program. The Court finds that Defendant's new evidence does not compel relief from judgment.

### B.  Defendant's Allegations of Misrepresentation

Rule 60(b)(3) allows a party to seek relief from judgment for fraud, misrepresentation, or misconduct by an opposing party. Defendant asserts that Plaintiff's counsel misrepresented the amount of damages by alleging that Plaintiff "incurred charges in an amount not less than $481,783.48" after Tallahassee Memorial Hospital "wrote off" $420,631.55 of Plaintiff's expenses. (Doc. 60-1 at 5-6 (citing Doc. 1 at 2).) Defendant argues that in continuing to allege the $481,783.48 figure Plaintiff misrepresented his total damages. (Doc. 60-1 at 5-6.)  As discussed above, Plaintiff correctly alleged that he *incurred* $481,783.48. (Doc. 1 at 2.) Under the terms of the Plan, Plaintiff is entitled to payment of the expenses incurred while coverage was in force; thus, it was not a misrepresentation for Plaintiff to allege that he is entitled to a judgment of $481,783.48 plus costs. (Doc. 32-2 at 3.) Furthermore, none of the Plaintiff's representations prevented Defendant from investigating Plaintiff's billing history at Tallahassee Memorial Hospital. See *Daniels v. Sodexo, Inc.*, 513 F. App'x 868, 870 (11th Cir. 2013) (finding that defendant did not engage in misconduct or fraud under Rule 60(b)(3) because plaintiff did not pursue motion to compel and the defendant was under no obligation to produce the information). The Court finds that Plaintiff did not misrepresent the amount of damages alleged.

### C.  Satisfaction or Discharge of the Judgment or Prospective Application that Would No Longer Be Equitable

Finally, Rule 60(b)(5) allows a court to grant relief from judgment "where a judgment has been satisfied, released, or discharged," where a judgment has been vacated or reversed or where "applying the judgment prospectively is no longer equitable." Defendant relies on the first and third grounds for relief from judgment in Rule 60(b)(5).

The first part of this rule is limited to circumstances where, for example, defendant previously paid part of the damages, e.g. *Johnson Waste Materials v. Marshall*, 611 F.2d 593, 599-600 (5th Cir. 1980); *Ferrell v. Trailmobile, Inc.*, 255 F.2d 697 (5th Cir. 1955), or where a co-defendant pays part of the judgment through a settlement and the plaintiff is entitled only to one recovery, *BUC International Corp. v. International Yacht Council Ltd.*, 517 F.3d 1271 (11th Cir. 2008). Here, the Hospital has not paid any part of its obligation to cover Plaintiff's incurred expenses, so the first portion of Rule 60(b)(5) is inapplicable.

Further, the judgment in this case is for money damages, which is not a form of prospective relief. Thus, the third portion of Rule 60(b)(5) allowing relief from judgment in cases involving prospective judgments is inapplicable.

## II.   **Defendant's Motion for Disbursement of Attorney's Fees**

Defendant's Motion to Disburse Attorney's Fees is also before the Court. (Doc. 79.) In addition to seeking the disbursement of the previously awarded attorney's fees out of the $538,971.92 deposited by the Defendant into the Court's registry, the Defendant also requests that "the remaining funds be disbursed to Plaintiff's creditors, revert back to Defendant, or both as directed by the Court after considering the Hospital's Motion for Relief from Judgment." (Doc. 79 at 2.)

Defendant's Motion to Disburse Attorney's Fees "expressly consent[s] to payment of the other party's attorney fees." (Doc. 84 at 1.)   However, Plaintiff opposes the Motion on the grounds that it is a means of avoiding Defendant's obligations under the Judgments. (Doc. 82 at 3.) For good cause shown by the Plaintiff, Defendant's request for the disburse-

ment of attorney's fees is denied. Attorney's fees have already been awarded in this case (Docs. 58, 59, 70) and will be disbursed upon further order of this Court.

Defendant's request that "the remaining funds be disbursed to Plaintiff's creditors, revert back to Defendant, or both as directed by the Court after considering the Hospital's Motion for Relief from Judgment" is also denied as moot because it is a reiteration of the relief sought in Defendant's Motion for Relief from Judgment. (Docs. 79 at 2; 60.) To order the disbursement of the remainder of the judgment to Plaintiff's creditors or to Defendant would be to modify the judgment, which can only be done pursuant to Rule 60(b). As discussed above, Defendant has not demonstrated that it is entitled to modification of the judgment under Rule 60.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Relief from Judgment and Motion for Disbursement of Attorney's Fees. (Docs. 60, 79.)

**SO ORDERED**, this 26th day of September, 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**